UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| CLEMENTINE SPEARS,<br><br>    Plaintiff,<br><br>v.<br><br>CITADEL OF BOURBONNAIS, LLC, and<br>JONATHAN AARON (Individually),<br><br>    Defendant. | Case: 2:23-cv-02186<br><br>**Jury Trial Demanded** |

## COMPLAINT

Plaintiff, Clementine Spears ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Citadel of Bourbonnais, LLC and Jonathan Aaron (individually) ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* (the "FLSA") for Defendants' failure to pay overtime wages to Plaintiff and other similarly situated persons. Plaintiff and other non-exempt employees worked in excess of forty (40) hours per week but Defendants' did not pay them overtime wages at a rate of one and one-half times their regular rate of pay. Plaintiff's consent form to act as representative party plaintiff in this FLSA overtime wage case is attached hereto as Exhibit "A."

2. This lawsuit further arises under the Illinois Minimum Wage Law (820 ILCS 105/4a) ("IMWL") for Defendants' failure to pay overtime wages to Plaintiff and other similarly situated persons.

3. Plaintiff's consent form to act as representative party plaintiff in this FLSA and IMWL

minimum wage case is attached hereto as Exhibit "A."

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to 29 U.S.C. §201, *et seq*.

5. Venue of this action properly lies in the Central District of Illinois, Urbana Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

6. This Court has pendent jurisdiction and supplementary jurisdiction of Count II through 28 U.S.C. §1367.

## PARTIES

7. At all times material to the allegations of this Complaint, Plaintiff, Clementine Spears resided in Kankakee County in the State of Illinois.

8. At all times material to the allegations in this Complaint, Defendant, Citadel of Bourbonnais, LLC was a limited liability company doing business in and for Kankakee County whose address is 20 Briarcliff Lane, Bourbonnais, IL 60914.

9. At all times material to the allegations in this Complaint, Defendant, Johnathan Aaron resided in Cook County, IL at 3701 Lunt Avenue, Lincolnwood, IL 60712 and did business in and for Kankakee County at 20 Briarcliff Lane, Bourbonnais, IL 60914.

## GENERAL FACTUAL ALLEGATIONS

10. Plaintiff was employed by Defendants as a certified nursing assistant (CNA, non-exempt employee) on or around October 22, 2022 and is presently employed by Defendant.

11. Plaintiff's job duties included, but are not limited to, the following: assist residents with daily living needs; provide support to medical providers/physicians in administering care;

2

monitor vital signs; and provide excellent patient care.

12. Plaintiff performed a specific job which was an integral part of the business of Defendants.

13. Plaintiff was Defendants' "employee" as defined by the FLSA, 29 U.S.C. § 203(d), and the IMWL, 820 ILCS 105/3(d).

14. Defendants were Plaintiff's "employer" as defined in the FLSA, 29 U.S.C. §203(d), and the IMWL, 820 ILCS 105/3(c).

15. Defendant Citadel of Bourbonnais, LLC was an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. §203(s)(1).

16. Each named Defendant, individually and as a group, is a "person" and an "employer" within the meaning of the 29 U.S.C. §203 (a) and (d) and may hereinafter be referred to jointly as the "Employer". Moreover, this same "Employer", individually or together as a group, is an enterprise engaged in commerce within the meaning of 29 U.S.C. §203(r), and (s).

17. Defendant Citadel of Bourbonnais, LLC is owned and operated by Defendant Jonathan Aaron.

18. Plaintiff routinely worked over forty (40) hours or more in a work week but Defendants just paid 80 hours on each paycheck regardless of Plaintiff working more than 80 hours in the bi-weekly pay period.

19. For example, Plaintiff worked more than 40 hours each seven day work week in the pay period of 7/23/2023-8/5/2023 but was only paid straight time for 80 hours.

20. In most if not all work-weeks, Plaintiff and other similarly situated employees worked in excess of forty (40) hours per week but Defendant did not pay them overtime wages at

a rate of one and one-half times their regular rate of pay.

21. In other words, Defendants would not pay Plaintiff her agreed upon pay rate for all hours worked.

22. At all times relevant to this action, Defendants failed to comply with 29 U.S.C. §§201-209, because Defendant did not pay Plaintiff overtime wages for those hours worked in excess of forty (40) within a work week.

23. In or around 2022, Plaintiff and other coworkers who had not been paid overtime for all overtime hours worked engaged in protected activity to report Defendant's failure to pay to Defendant's HR department.

24. Plaintiff has been in constant communication with Defendant's HR department requesting her overtime pay, to no avail.

25. Even more, as a result of Plaintiff and others' actions in complaining under the FLSA and the IMWL, Defendant has taken away access to online paystubs, in efforts to hide its illegal practices.

26. This constitutes retaliation against Plaintiff and similarly situated class members for engaging in protected activity under the FLSA and the IMWL.

27. Defendant's failure to pay overtime wages has continued through the filing of this action.

28. Not only did Defendants fail to pay Plaintiff time and one-half his regular rate of pay for all hours worked in excess of forty (40) hours within a work week during one or more weeks of employment, but Defendants failed to pay Plaintiff any sum at all for hours worked in excess of forty (40) hours within a work week.

29. As a result of these practices, Plaintiff is owed lost wages and liquidated damages

as a result of not being paid overtime.

30. Upon information and belief, records concerning the number of hours worked and amounts paid to Plaintiff, to the extent they have not been destroyed by Defendant, are in Defendant's possession.

## §216(b) COLLECTIVE ACTION ALLEGATIONS

31. Plaintiff asserts her Count I and Count II claims, pursuant to 29 §216(b) on behalf of herself and on behalf of all similarly situated employees currently and formerly employed by Defendant.

32. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines the following class as follows:

> **216(b) Class: All current and former employees of Citadel of Bourbonnais, LLC who were not compensated overtime wages for those hours worked in excess of forty (40) hours within a work week.**

33. All potential 216(b) Class members are similarly situated because, among other things, they were all employees of Defendant and, upon information and belief, all suffered from the same policies of Defendant; they were paid no more than forty (40) hours a work week without regard to the actual number of hours worked, which far exceeded forty (40) hours.

## COUNT I
**Violation of the Fair Labor Standards Act – Failure to Pay Overtime**
**(Plaintiff on her own behalf and on behalf of all similarly-situated employees)**

34. Plaintiff hereby repeats and incorporates paragraphs 1-33 as if set forth fully herein.

35. This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, for their failure to pay overtime wages to Plaintiff and all other similarly situated employees for all time worked in excess of forty (40) hours in individual workweeks.

5

36. During the course of her employment by Defendants, Plaintiff and all other similarly situated employees were not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. §207.

37. Plaintiff and all other similarly situated employees were directed by Defendants to work, and did work, in excess of forty (40) hours per week in one or more individual workweeks.

38. Pursuant to 29 U.S.C. §207, for all weeks during which Plaintiff and all other similarly situated employees worked in excess of forty (40) hours, they were entitled to be compensated at a rate of one and one-half times their regular rate of pay.

39. Defendants did not compensate Plaintiff and all other similarly situated employees at a rate of one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours in individual workweeks.

40. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. §207.

## COUNT II
### Violation of the IMWL, 820 ILCS 105/4a. – Failure to Pay Overtime
**(Plaintiff on her own behalf and on behalf of all similarly-situated employees)**

41. Plaintiff hereby repeats and incorporates paragraphs 1-33 as if set forth fully herein.

42. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

43. The matters set forth in this Count arise from Defendants' violation of the

overtime compensation provisions of the IMWL, 820 ILCS 105/4a.

44. Plaintiff brings this action pursuant to 820 ILCS 105/12(a). Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at one and one-half times his regular rate of pay for hours worked in excess of forty (40) hours in individual workweeks.

45. Defendants violated the IMWL by refusing to compensate Plaintiff at one and one-half times her normal hourly rate of pay for all hours worked in excess of forty (40) hours per week.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff, on behalf of all other similarly situated employees, pray for a judgment against Defendants as follows:

a. A judgment in the amount of one and one-half times Plaintiff and all other similarly situated employees' regular rate of pay for all hours worked in excess of forty (40) hours in individual workweeks;

b. Liquidated damages in an amount equal to the amount of compensation found due;

c. Reasonable attorneys' fees and costs incurred in filing this action; and

d. For such other and further relief as this Court deems appropriate and just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 28th day of August 2023.

/s/ *Chad W. Eisenback*
**CHAD W. EISENBACK, ESQ.**
IL Bar No.: 6340657
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 575-8180
Fax (630) 575 - 8188
ceisenback@sulaimanlaw.com
*Attorney for Plaintiff*